IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**JAMES M. ALEXANDER**                                                   **PLAINTIFF**

**VS.**                                               **CIVIL ACTION NO. 3:04CV192-D-A**

**OCWEN FEDERAL BANK, FSB**
**AND AMRESCO RESIDENTIAL**
**MORTGAGE CORPORATION**                                     **DEFENDANTS**

### CONSENT JUDGMENT

BE IT REMEMBERED that this matter came before the Court upon the Joint Motion for Consent Judgment filed by Plaintiff and Defendants. Having considered same, the Court finds as follows:

1. Plaintiff entered into a mortgage loan with Amresco on August 13, 1997, evinced by a Note and Deed of Trust. Said Deed of Trust granted Amresco a security interest in certain real property, more particularly described as follows:

> The land lying and being situated in Marshall County, Mississippi, more particularly described as follows, to-wit: A lot in the town of Byhalia, Mississippi in the northwest quarter of Section 36, Township 2 South, Range 5 West, Marshall County, Mississippi described as follows: Commencing at the northwest corner of Section 36, run thence south 490 feet to the north boundary of a street; thence in a southeasterly direction with the north boundary of said street 970 feet to the point of beginning; run thence north 3 degrees 57' west 176 feet; thence north 5 degrees west 249 feet; thence north 81 degrees 5' east 95 feet; thence south 4 degrees 35' east 378 feet; thence south 0 degrees 30' west 102.6 feet to a point on the north boundary of the street; thence in a northeasterly

direction with said street 88 feet to the point of beginning. (the "Subject Property").

Said Deed of Trust was recorded among the land records of Marshall County, Mississippi at Book 226, Page 267.

2. Amresco subsequently assigned its interest in the Deed of Trust to Bank of New York as trustee for Amresco Residential Securities Corporation Loan Trust, 1997-3 ("Bank of New York"). Ocwen is the servicer of the Mortgage Loan and holds power of attorney from Bank of New York.

3. Based upon Plaintiff's alleged default and pursuant to the terms of the Deed of Trust, the substitute trustee conducted a foreclosure sale relating to the Subject Property on August 12, 2004. Bank of New York was the highest bidder, bidding the total sum of $38,667.89. The Substituted Trustees Deed was subsequently issued to Bank of New York and recorded among the land records of Marshall County, Mississippi at Book 350, Page 568.

4. On or about September 24, 2004, Plaintiff commenced the instant case against Ocwen and Amresco in the Chancery Court of Marshall County, Mississippi. Plaintiff seeks, *inter alia*, declaratory relief setting aside the subject foreclosure sale.

5. On October 22, 2004, Defendants removed this matter to this court based upon both diversity and bankruptcy jurisdiction.

6. On November 10, 2004, Defendants filed their Amended Answer, Defenses and Counterclaim. In the Counterclaim, Ocwen sought, *inter alia*, possession of the subject property based upon the August 12, 2004 foreclosure sale.

7. Without admitting liability and specifically denying same, Plaintiff and Defendants have reached a settlement of the claims asserted in this litigation. The terms of the settlement require, *inter alia*, that Plaintiff's mortgage loan be reinstated and that the foreclosure sale be set aside. Accordingly, the foreclosure sale should be set aside and the Substituted Trustees Deed recorded at Book 350, Page 568 of the land records of Marshall County, Mississippi, should be declared null and void, and the Deed of Trust recorded at Book 226, Page 267 of the land records of Marshall County, Mississippi should be declared a valid and lawful security interest encumbering the Subject Property.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Substitute Trustee's Deed recorded among the land records of Marshall County at Book 350, Page 568 be, and hereby is, declared null and void.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Deed of Trust recorded among the land records of Marshall County, Mississippi, at Book 226, Page 267 be, and hereby is, declared a valid and lawful security interest encumbering the Subject Property.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Chancery Clerk of Marshall County, Mississippi, be served with a certified copy of this Consent Judgment by the Clerk of this Court and that said Chancery Clerk index and spread this Consent Judgment upon the land records of Marshall County, Mississippi, as affecting title to the Subject Property.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this matter be, and hereby is, dismissed with prejudice.

SO ORDERED AND ADJUDGED this the 24th day of May, 2005.

/s/ Glen H. Davidson
CHIEF JUDGE

AGREED TO:

/s/ William F. Schneller
William F. Schneller, Attorney for Plaintiff

/s/ Mark H. Tyson
Mark H. Tyson, Attorney for Defendants